a correct judgment, if the costs were to be recovered off of the intestate, but they are not, they are to be recovered off of John Johnson, for whose use the suit is brought; see Mo. Law, p. 130, sec. 23. This court has the right to correct the judgment of the circuit court, or give such judgment as that court ought to have given, as to them shall seem right;—Mo. Laws, p. 522, sec. 32. Also, if there is error, and on the record judgment is given for the right party, the appellate court will let it stand;—see Mo. Dec., Tate vs. Barcroft, 1 vol., p. 164, ibid Derbe's heirs vs. Smith's heirs, and Easton, 313; Wear vs. Mc-Cirkle, 588; Wathan et al. vs. English, 746. In the examination I think the judgment of the circuit court ought to be affirmed.

<div style="margin-left:2em"><em>May Term 1837.</em><br><em>Searcy v. Devine.</em></div>

Opinion, delivered by Tompkins, Judge.

On the part of the plaintiff in error, it is contended, that the promissory note declared on, being made payable seven months after the date thereof, the plea should have been, that the plaintiff's right of action did not accrue within ten years, &c. And such seems to be the rule of pleading in a case like this;—see Hodsden vs. Harridge, 2 Saunders, p. 636, note 5. It seems to us that the circuit court committed error in overruling the demurrer to the second plea of the defendant. Its judgment is therefore reversed, and the cause remanded.

<div style="margin-left:2em"><em>Where a promissory note is made payable on a day specified, after the date thereof, the stat. of lim. commences running from the time it becomes due, and not from the date of its execution. A plea of the stat. in actions on such notes must be framed accordingly.</em></div>

————◦†◦————

## SEARCY v. DEVINE.

*Where the evidence is not preserved in a bill of exceptions, the supreme court cannot determine whether the court below erred in refusing to grant a new trial or not.*

ERROR to the circuit court of Perry county.

Statement of the case, and opinion of the court, delivered by Tompkins, Judge.

Searcy brought his action in the circuit court against Devine. That court gave judgment for the defendant, and the plaintiff brings the cause here on writ of error. The error assigned is, that the circuit court refused to allow him a new trial.

P. Cole, for plaintiff in error:

The liability of the justice depends upon the question,

whether he had jurisdiction of the action against plain‑ tiff in error? If he had, he is not liable; if he had not, he is liable; and the circuit court erred in both points as‑ signed for error, to wit: in refusing a new trial, and giv‑ ing judgment against plaintiff in error. In the case of Odle and Clark, 2 M. R. 12, where the plaintiff had omit‑ ted to file the statement required by law to be filed, in a case before a justice of the peace, the supreme court say, the statement was necessary to give him jurisdic‑ tion, and without it, the court had no cause before it.— So in the present case, a constitutional summons legally executed, is the complaint contemplated by law; and without which, the action was clearly *coram non judice.* There was neither summons, nor service, nor waiver in this case;—1 M. R. 537, Charless and Manny, Fow‑ ler vs. Watson, 1 sem. ann. Rep. page 27. That courts of limited jurisdiction are responsible under such circum‑ stances, seems to have been long settled. Kent, in the case of Yates vs. Lansing, gives the following quotation of authority: "We shall never know, says Lord Coke, the true reason of the interpretation of the statutes, if we know not what the law was before the making of them." Where courts of special and limited jurisdic‑ tion exceed their powers, the whole proceeding is *coram non judice,* and all concerned in such void proceedings, are held to be liable in trespass;—10 Coke, 67. In the case of Miller vs. Seeve, 2 Black. Rep. 1141, Lord Ch. Jus. De Gray also held the above doctrine;—5 John. Rep. 290; and Chan. Kent acquiesces—9 John. Rep. 407; 2 Stark. E. 803, n. 1; 2 T. R. 225.

*J. S. Brickey,* attorney for defendant in error:

The plaintiff assigns two errors. 1st. The court overruled the motion for a new trial. 2d. That court gave judgment for the defendant, which should have been given the plaintiff. It seems to me there was no error in the court giving judgment for the defendant, upon all the evidence which is shown here to have been before the circuit court; and if there was any other or more evidence given before the circuit court, it should have been preserved, and shown to this court; and that not having been done, this court is to infer that no other evidence was given on the trial below—and that the cir‑ cuit court done right in giving judgment for the defend‑ ant. As to the first point, that the court below erred in not granting a new trial, I cannot conceive on what ground (from all the evidence,) the plaintiff could have

made such a motion, or have expected to have sustained
it, for so far as I have been able to examine the record
and evidence, there is no one circumstance shown, which
goes to prove or establish the very cause of action against
the defendant. And the court below, sitting as a jury,
after hearing all the evidence, has found the issue for the
defendant, as a jury would have done, and gave judg-
ment for costs accordingly; and unless the plaintiff can
shew that the court decided contrary to the evidence,
and that the proof was such as to require the court to
have given a different judgment, this court will not re-
verse the judgment of the circuit court. But on the con-
trary will affirm the same.

Opinion, delivered by TOMPKINS, Judge.
No facts are preserved, or attempted to be saved, by
a bill of exceptions. We therefore, are not able to see
in what the circuit court has committed error. Its judg-
ment must therefore, necessarily be affirmed.